RECEIPT # 58726
AMOUNT $ 150.00
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 9-16-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

KENNETH PORTER,

    Plaintiff,

v.

TERC

    Defendant.

04cv12008 RGS

MAGISTRATE JUDGE

## VERIFIED COMPLAINT AND JURY DEMAND

### PRELIMINARY STATEMENT

Plaintiff seeks compensation for a longstanding pattern of willful and knowing violations of federal and state wage statutes. Defendant deprived plaintiff of wages earned, in particular, overtime pay in connection with his employment at TERC. Plaintiff consistently worked numerous overtime hours and defendant failed to pay plaintiff for the hours worked for which he was entitled to time and a half overtime compensation. Plaintiff seeks compensation for the unpaid wages and overtime, as well as multiple damages and attorneys' fees and costs.

### JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1331 and to 29 U.S.C. § 1367. Venue is proper in the District of Massachusetts.

1

## PARTIES

1. Plaintiff Kenneth Porter ("Porter") is a resident of Waltham, Massachusetts who until July 23, 2004 was employed by defendant TERC.

2. Defendant TERC is a Massachusetts corporation with a principal place of business at 2067 Massachusetts Avenue, Cambridge, MA 02140.

## STATEMENT OF FACTS

3. Kenneth Porter was hired by TERC on or about March 24, 1997.

4. From the commencement of his employment until July 23, 2004, Porter frequently worked well in excess of forty hours per week and was not paid overtime for these hours.

5. TERC paid Porter on a salary basis, and improperly classified Porter as an "exempt" employee.

6. On August 10, 2004, Porter filed a Non-Payment of Wage Complaint with the Massachusetts Office of the Attorney General setting forth the failures of TERC to pay the compensation owed to Porter. The Non-Payment of Wage Complaint is attached hereto as Exhibit A.

7. On August 13, 2004, the Office of the Attorney General authorized Porter to file a private civil action under M.G.L. c.149, § 150 and c.151, §§ 1B and 20. This right-to-sue letter is attached hereto as Exhibit B.

### FIRST CAUSE OF ACTION – OVERTIME (FEDERAL)
Violation of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq.

8. Porter incorporates herein the allegations made in paragraphs 1-7.

2

9. TERC has breached its legal obligation under the FLSA to pay Porter overtime for the hours he worked in excess of forty per week and improperly classified him as an "exempt" employee.

10. TERC's violation was willful or intentional, done in bad faith, or undertaken in reckless disregard as to whether its conduct violated the FLSA.

## SECOND CAUSE OF ACTION – NON PAYMENT OF WAGES
### Violation of M.G.L. chapter 149, §148

11. Porter incorporates herein the allegations made in paragraphs 1-10.

12. TERC has breached its legal obligation under M.G.L. c.149, § 148 to pay Porter the overtime compensation owed to him pursuant to M.G.L. c.151, § 1A.

13. TERC's breach was willful or intentional, or undertaken in reckless disregard for legal requirements.

## THIRD CAUSE OF ACTION – OVERTIME (STATE)
### Violation of M.G.L. chapter 151, § 1A

14. Porter incorporates herein the allegations made in paragraphs 1-13.

15. TERC has breached its legal obligation under M.G.L. c.151, § 1A to pay Porter overtime for the hours he worked in excess of forty per week.

16. TERC's violation was willful or intentional, or undertaken in reckless disregard for legal requirements.

**WHEREFORE,** Porter respectfully requests that this Court grant the following relief:

1. Order TERC to pay compensation for overtime compensation due Porter under the FLSA, along with prejudgment interest;

2. Order TERC to pay Porter treble damages for unpaid wages resulting from nonpayment of wages and overtime violations pursuant to M.G.L. c.149, §§ 148 and 150; M.G.L. c.151, §§ 1A and 1B, along with prejudgment interest;

3. Order TERC to pay liquidated damages in an amount double the amount of Porter's actual damages pursuant to the FLSA, together with prejudgment interest;

4. Order TERC to pay reasonable attorneys' fees incurred including, without limitation, reasonable accounting and experts' fees;

5. Equitable and/or injunctive relief as permitted by law and equity, including a restitution order;

6. Such other relief as this Court deems just and proper.

## JURY DEMAND

**THE PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS OF THE COMPLAINT**

Respectfully submitted,

KENNETH PORTER
By his attorneys,

Paul Holtzman (BBO # 563184)
Hugh Dun Rappaport (BBO # 642263)
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

DATED: September 16, 2004

## VERIFICATION

I, Kenneth Porter, plaintiff in this action, hereby state under penalty of perjury that I have read the foregoing Verified Complaint and Jury Demand, and that its allegations are true, and that those stated upon information and belief, I believe to be true.

Signed under the penalties of perjury this 16th day of September 2004.

*[signature]*
Kenneth Porter

2148\0001\143408.1